IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIE J. HARRIS**                                                   **PLAINTIFF**

**v.**                     **No. 3:20CV79-NBB-JMV**

**MARSHAL TURNER, ET AL.**                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Willie J. Harris, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." For the reasons set forth below, all of the plaintiff's claims against Commissioner Pelicia Hall, Deputy Warden Lee Simon, Chief of Security Brenda Cox, Interim Commissioner Tommy Taylor, Grievance Coordinator Richie Pennington, Prison ILAP Director Charles Hall, and ILAP Director Gia McLeod will be dismissed with prejudice for failure to state a claim upon which relief could be granted. The plaintiff's claims against the other defendants will, however, proceed.

**Factual Allegations**

Mr. Harris has made numerous allegations against various defendants across two prisons. The court will, however, analyze only those which fail to state a constitutional claim, while allowing cognizable claims to proceed. Mr. Harris alleges that he was assaulted at the Mississippi State

Penitentiary by guards on December 31, 2019, and during the attack he suffered a gunshot wound to the back. He also alleges that he received inadequate medical treatment for the injuries he sustained in the attack. He was then transported to Unit 32, which had been condemned because of the deplorable general conditions of confinement there, and he experienced many instances of unconstitutionally harsh conditions (lack of a mattress, cold temperatures, water for toilet flushing available only two minutes every other day, etc.)

On January 11, 2020, he was transported to the privately-run Tallahatchie County Correctional Facility, where he had difficulty obtaining proper legal services, mail services, and spiritual counseling.

**Denial of Access to the Courts: Charles Hall, Gia McLeod, and Hampton**

Mr. Harris alleges that Charles Hall, the ILAP Director at the Mississippi State Penitentiary, Gia McLeod (MDOC ILAP Director) and Hampton (Correctional Counseling Services Supervisor at TCCF) denied him access to the courts by restricting his access to legal services and materials. As set forth below, this allegation will be dismissed for failure to state a claim upon which relief could be granted.

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996), quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result

in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations omitted).

However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992), citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988). It is only when a prisoner suffers some sort of actual prejudice or detriment from denial of access to the courts that the allegation becomes one of constitutional magnitude. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). To prove his claim, a plaintiff must show real detriment – a true denial of access – such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

An inmate's right of access to the courts may be fulfilled in ways other than access to a law library. *Lewis v. Casey*, 518 U.S. 343, 351,116 S.Ct. 2174, 2180 (1996). The right of access to the courts is not "an abstract, freestanding right to a law library or legal assistance[;] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id*. In this case, the plaintiff's access to the courts is through the Inmate Legal Assistance Program. When a state provides adequate legal assistance to a prisoner, the state has fulfilled its obligation to provide him access to the courts – and need not provide access to a law library. "Inmates are entitled to either adequate law libraries or adequate assistance from persons trained in the law, but certainly not both." *Meeks v. California Dep't of Corrections*, 1993 WL 330724 (9th Cir. Aug. 31, 1993), citing *Bounds*, 430 U.S. at 828. The plaintiff has not alleged that he suffered actual prejudice to his legal position, as described above. As such, his claim

- 3 -

of denial of access to the courts should be dismissed for failure to state a constitutional claim. As denial of access to the courts is Mr. Harris' sole claim against defendants Hall and McLeod, these two defendants will be dismissed with prejudice from this suit.[1]

### Supervisor Liability: (former) Commissioner Pelicia Hall, Deputy Commissioner Jerry Williams, Unit 29 Deputy Warden Lee Simon, Mississippi State Penitentiary Chief of Security Brenda Cox, and Interim Commissioner Tommy Taylor

Willie J. Harris alleges that defendants (former) Commissioner Pelicia Hall, Unit 29 Deputy Warden Lee Simon, Mississippi State Penitentiary Chief of Security Brenda Cox, and Interim Commissioner Tommy Taylor are liable to him because of their actions in their positions as supervisors. As set forth below, the court will dismiss these defendants with prejudice from this case for failure to state a constitutional claim.

A plaintiff proceeding under 42 U.S.C. § 1983 cannot establish that a government official violated the plaintiff's constitutional rights simply by virtue of the official's role as a supervisor. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a valid claim under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). Likewise, a § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process. *Dehghani v. Vogelgesang*, 226 Fed.Appx. 404, 406 (5th Cir. 2007).

There are only two scenarios in which a supervisor may be held liable under § 1983: (1) when

---

[1] The plaintiff's mail tampering and free exercise claims against Supervisor Hampton will proceed; as such, Hampton will remain in the case.

he affirmatively participates in the incident, and (2) when he implements an unconstitutional policy that results in constitutional injury. *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Indeed, a federal court cannot hold a supervisor liable for failure to supervise his subordinates – even when he is present on the scene – because, after *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 129 S. Ct. 1937, 1939, 173 L. Ed. 2d 868 (2009), "a government official can be held liable only for his own misconduct." *Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011).

Though failure to train employees may rise to the level of an official government policy – giving rise to a claim under 42 U.S.C. § 1983, such claims are a rarity:

> In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983. A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train. See *Oklahoma City v. Tuttle,* 471 U.S. 808, 822–823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training' " is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell* "). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." *Canton,* 489 U.S., at 388, 109 S.Ct. 1197. Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.,* at 389, 109 S.Ct. 1197.

*Connick v. Thompson*, 563 U.S. 51, 61, 131 S. Ct. 1350, 1359–60, 179 L. Ed. 2d 417 (2011).

In this case, the plaintiff does not allege that these defendants had any personal involvement or were causally connected to the incident in any way. As such, the undersigned this case will be dismissed as to (former) Commissioner Pelicia Hall, Unit 29 Deputy Warden Lee Simon, Mississippi State Penitentiary Chief of Security Brenda Cox, and Interim Commissioner Tommy Taylor for failure to state a constitutional question.

### Participation in the Grievance Process: MSP Grievance Director Richie Pennington

Mr. Harris alleges that Grievance Director Richie Pennington failed to process his grievances

in a timely and proper manner. As discussed above, "a § 1983 plaintiff cannot proceed against a prison official based solely on the official's participation in the prison grievance process." *Dehghani, supra*. Mr. Harris' allegations involve only Mr. Pennington's handling of the grievance process; as such, the claims against him will be dismissed. As the grievance process allegation is the sole claim against Mr. Pennington, he will be dismissed with prejudice from this case for failure to state a claim upon which relief could be granted.

### Taking of Property Without Due Process of Law

The plaintiff alleges that various defendants took his property without due process of law. This claim will be dismissed with prejudice for failure to state a claim upon which relief could be granted. The random and unauthorized deprivation of a prisoner's property by a state actor does not violate the prisoner's due process rights if the state provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). This rule, the Paratt/Hudson doctrine, provides "that no constitutional claim may be asserted by a plaintiff who was deprived of his liberty or property by negligent or intentional conduct of public officials, unless the state procedures under which those officials acted are unconstitutional or state law fails to afford an adequate post-deprivation remedy for their conduct." *Martin v. Dallas County, Tex.*, 822 F.2d 553, 555 (5th Cir. 1987); *see also Hudson*, 486 U.S. at 533, *Daniels*, 474 U.S. at 330-31; *White v. Epps*, 411 Fed.Appx. 731 (5th Cir. 2011). Thus, the initial question before the court as to the plaintiff's claim regarding the taking of his property is whether Mississippi law affords him an adequate post-deprivation remedy for his loss.

In most circumstances, suits against the Mississippi government would be controlled by the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-9 ("MTCA"), which became effective on April 1, 1993. As to suits filed by prisoners, the MTCA states:

> (1) A governmental entity and its employees acting and within the course scope of their employment or duties shall not be liable for any claim:
>
> . . .
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m). At first blush, this statute would seem to foreclose any remedies the plaintiff may have under state law. However, the plaintiff's remedy for the taking of property arises directly from the Constitution of the State of Mississippi, which cannot be circumvented through a state statute. *Pickering v. Langston Law Firm, P.A.*, 88 So.3d 1269 (Miss. 2012). The unlawful taking of an inmate's property can violate Article 3, Section 17 of the Constitution of the State of Mississippi. *Bishop v. Reagans*, 2012 WL 1804623 (S.D. Miss.), *citing Johnson v. King*, 85 So.3d 307 (Miss.App.,2012). Article 3, Section 17 of the Mississippi Constitution reads:

> Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use by the public shall be a judicial question, and, as such, determined without regard to legislative assertion that the use is public.

The circumstances in *Johnson* are legally indistinguishable from those in the instant case. The prison officials in that case confiscated Johnson's drinking mug and disposed of it. *Johnson v. King*, 85 So.3d at 312. Johnson had purchased the mug from the canteen with his own money. *Id*. The mug as purchased was not considered contraband, and Johnson had not modified the mug in such a way to turn it into contraband. *Id*. The Mississippi Court of Appeals held that, under these circumstances, the

- 7 -

taking of Johnson's mug violated the Mississippi Constitution and that prison officials had to either replace the mug or compensate Johnson for the fair value of the mug. *Id*. Those facts mirror the facts in the present case. As such, the plaintiff in this case has an adequate remedy under state law, and his claims for the taking of his property without due process of law must be dismissed.

## Conclusion

For the reasons set forth above, the following **claims** and *defendants* will be dismissed for failure to state a claim upon which relief could be granted:

(1) **Denial of access to the courts**. As defendants *Charles Hall and Gia McLeod* were named as defendants only in relation to this claim, they will also be dismissed with prejudice from this suit;

(2) *(Former) Commissioner Pelicia Hall, Unit 29 Deputy Warden Lee Simon, Mississippi State Penitentiary Chief of Security Brenda Cox, and Interim Commissioner Tommy Taylor.* The plaintiff named them as defendants based solely on their roles as supervisors;

(3) *MSP Grievance Director Richie Pennington.* Mr. Pennington's participation in the events is limited to his role in the grievance process;

(4) **The taking of the plaintiff's property**. He has an adequate remedy for that taking under state law;

The following **claims** will proceed:

(1) **Unconstitutionally harsh general conditions of confinement** while housed in Unit 32 of the Mississippi State Penitentiary against Superintendent Marshal Turner, Warden Timothy Morris, Deputy Warden Verlena Flagg, CID Coordinator Ricky Scott, Unit Manager Taylor, and Warden R. Vergara;

(2) **Denial of the right to free exercise of religion** against Superintendent Marshal Turner, Correctional Counselor Supervisor Hampton, Unit Manager Taylor, and Case Manager T. Skeen;

(3) **Failure to Protect from Assault** against Warden Timothy Morris, Deputy Warden Verlena Flagg, and K-9 Captain Letha Williams;

(4) **Failure to provide adequate medical care** against Superintendent Marshal Turner, Warden Timothy Morris, K-9 Captain Letha Williams;

(5) **Use of excessive force** against K-9 Captain Letha Williams;

(6) **Mail tampering** against Correctional Counselor Supervisor Hampton, Unit Manager Taylor, Case Manager T. Skeen, and Mailroom Supervisor Barbara Scott.

**SO ORDERED**, this, the 29th day of June, 2020.

      /s/ Neal Biggers
    NEAL B. BIGGERS
    SENIOR U. S. DISTRICT JUDGE